KINGSLAND & DOUGLAS MFG. CO. v. J. O. MASSEY ET AL.

LIEN FOR MATERIAL; WHEN IT ARISES.    *Intent of parties.*

Where an engine and boiler are purchased for the purpose of being added to a mill, and under a promise by the purchaser to secure the price with a mortgage on the machinery and the lot on which it is placed, which is falsely represented to be free from incumbrances, the mortgage not being executed, the seller has the statutory lien of a material-man for the price. Code 1880, § 1378.

FROM the circuit court of the first district of Yalobusha county.

HON. JAMES T. FANT, Judge.

The Kingsland & Douglas Mfg. Co. filed its petition in the circuit court aforesaid, in which it alleged that it sold to appellee, Massey, an engine, boiler and cotton-press; that Massey represented that these articles were intended for the improvement of a mill, and that the mill' and its outfit, and the lot on which it stood, were free from incumbrances; that Massey promised, when the machinery should be delivered, to execute a mortgage on the mill and mill-lot to secure the price agreed to be paid; that the written contract of sale and order for the machiney contained the foregoing stipulations and representations; that the machinery was affixed to the mill, but that Massey, when subsequently called on to execute the mortgage, refused to do so, and then, for the first time, informed petitioner's agent that there was a prior deed of trust on all his property, including the mill and lot; that the holders of said trust-deed were advertising the property for sale. Petitioner claimed a lien, under code 1880, § 1378, on the mill, the machinery and lot for the price of the machinery furnished, as "material furnished about the erection, construction, alteration, and repair" of the mill, and prayed that the lien be enforced.

Defendant demurred to the petition, upon the ground that the articles of machinery sold were made away from the premises sought to be charged, and were merely furnished to the purchaser, and not connected by the maker with the premises, and because the debt was not, on the facts stated, a lien upon the property under the statute.

The court overruled the demurrer, and, defendant declining to answer, judgment was rendered for petitioner, and defendant appeals.

*J. H. Watson*, for appellant.

The orders for the machinery show that the same was bought just as any other articles, upon the personal credit of Massey, and in reliance upon his promise to give a mortgage. There was no lien for materials under such circumstances. *Turner* v. *Wentworth*, 119 Mass., 459; Jones on Liens, § 1336; Phillips, Mech. Liens, § 162*a*; 37 Mich., 313; 17 Cal., 129; 15 Am. & Eng. Enc. L., 56. These cases establish that the materials must be furnished *for the purpose* named in the statute.

*Noel & Tackett*, for appellee.

The lien for the price of the machinery attached to the mill and lot. Code 1880, §1378. Mechanic's liens are favored to the extent of a liberal construction of the statutes regulating them and the remedies thereon. *Buck* v. *Brown*, 2 How., 874; *Weathersby* v. *Sinclair*, 43 Miss., 189. The petition distinctly avers that the machinery was sold to be placed on the mill lot. If the contract is silent as to the purpose for which the sale is made, it may be shown by parol. Jones on Liens, § 1327; *Mulholland* v. *The Thompson-Houston Electric Co.*, 66 Miss., 339.

WOODS, J., delivered the opinion of the court.

The vice of the argument of counsel for appellants is that it only reaches a part of the question raised by the demurrer

to the petition.   The legal principle propounded by counsel
is indisputably correct.   If articles of personal property are
sold to a person, just as any other articles would be sold him
on his general credit, to be used and treated and further dis-
posed of at the pleasure of the buyer, such articles would not
be subject to a mechanic's or material lien in favor of the
vendor.   But this proposition does not meet, and cannot de-
termine, the question presented by the petition to which ap-
pellant's demurrer was interposed.

The petition alleges, amongst other averments, that, at the
time the machinery was ordered, Massey represented to the
petitioner that there was no lien of any kind upon the mill
and outfit, and lot upon which the same was situated, owned
by Massey, and upon which he desired to make improve-
ments to the amount of the order herein made and filled by
petitioner; and that it was understood and agreed that Mas-
sey should execute a mortgage upon the machinery so pur-
chased, and upon the lot upon which the same was located,
in order to secure the indebtedness thereby incurred to peti-
tioner.

Clearly, these averments of the petition show that the ma-
chinery was not sold, as mere personalty, on the general
credit of Massey, to be used and dealt with at his pleasure.
On the contrary, they show a sale of fixed machinery, to be
added to a mill already erected and in operation, upon a cer-
tain lot, and for a particular purpose; and, on this state of
facts, it must be held the vendor has a lien for the pur-
chase-money.   And the facts alleged show, further, that
Massey represented the mill and lot as free from incumbrance,
and that he agreed to execute a mortgage to secure the pay-
ment of the price of this machinery; whereas, in fact, the
mill was already under mortgage to the amount of about
$13,000; and, whereas, Massey refused to execute the mortgage
to appellant, as agreed, after he obtained possession of the
property so sold him by petitioner.

These facts, we say, do not militate against the correctness

of the views we entertain. Rather, they greatly strengthen them. The mortgage agreed to be given was but security, additional to or in lieu of the lien the petitioner already had, and in no way injuriously affected that lien, seeing Massey, as shown in the petition, was guilty of gross misrepresentation and fraud in obtaining possession of the property; and seeing, too, that he utterly refused to give the mortgage as agreed. On the whole case, the judgment below was right.

*Affirmed.*